## APPEAL OF CONRAD & CO., INC.

Docket No. 3941. Submitted October 27, 1925. Decided February 13, 1926.

> In the reorganization of a business, a partnership paid in to a corporation on November 1, 1917, all of its tangible assets for all the capital stock of the corporation, and all of its intangible assets upon an agreement by the corporation to assume its liabilities and to pay its debts. For the net assets of the partnership the partners received all the shares of capital stock of the corporation. *Held*, that section 331 of the Revenue Act of 1918 prevents the corporation from valuing the net assets at a greater amount in computing invested capital than the partnership could have valued them in computing invested capital if they had not been so transferred.

*Hugh Satterlee, Esq.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

### Before JAMES, SMITH, and TRUSSELL.

### FINDINGS OF FACT.

The taxpayer is a Massachusetts corporation, with its principal office in Boston. It was incorporated on or about November 1, 1917, with an authorized capital stock of $500,000 par value. It established a fiscal year ending February 28, and has made its Federal income-tax returns on the accrual basis for such accounting period.

On or about November 1, 1917, the taxpayer entered into a contract with Sidney S. Conrad and Bertram B. Conrad, partners, doing business under the firm name of Conrad & Co., a copy of which is as follows:

MEMORANDUM OF AGREEMENT entered into this first day of November, 1917, by and between Sidney S. Conrad, of Boston, in the County of Suffolk, and Bertram B. Conrad, of Brookline, in the County of Norfolk, both in the Commonwealth of Massachusetts, co-partners under the firm name of Conrad & Company, parties of the first part, and Conrad & Co., Inc., a corporation organized under the laws of the said Commonwealth of Massachusetts, party of the second part, WITNESSETH that

WHEREAS the said partnership has heretofore carried on the business at 25 Winter Street in the City of Boston, and is the owner of the assets connected therewith, and the said corporation desires to purchase the said business and to issue its capital stock in payment therefor:

Now, THEREFORE, it is hereby agreed by and between the parties hereto as follows:

First: The said Sidney S. Conrad and Bertram B. Conrad, co-partners as aforesaid, hereby assign, transfer and set over unto the said Conrad & Co., Inc., its successors and assigns, the cash accounts and notes receivable, stock of merchandise, furniture, fixtures, equipment, and all other tangible assets of whatever kind and description belonging to the said business, to have and to hold the same unto the said corporation, its successors and assigns, to their own use forever; and further covenant with the said corporation that the said property as aforesaid is of the fair value of the amount of not less than Four hundred ninety-nine thousand seven hundred ($499,700) dollars, and is free from all encumbrances, and that the said co-partners have full right to convey the same, and will each of them make, execute and deliver any further writings or instruments which may be necessary or convenient to vest a perfect title to the said property in the said corporation and to secure to the said corporation full benefit and enjoyment of the said property.

And the said corporation hereby agrees to issue shares of its capital stock of the par value of one hundred dollars each at par to the said co-partners or to such persons as they may designate as payment for the foregoing property, said shares to be issued to an amount equal at their aggregate par value to the value of said property transferred as aforesaid, as of November 1, 1917, as the same may appear according to an inventory of said property to be taken forthwith.

Second: The said Sidney S. Conrad and Bertram B. Conrad, co-partners as aforesaid, further agree with the said corporation to sublet to the said corporation the premises 25 Winter Street in the City of Boston, Massachusetts, at which the business of the said Conrad & Company has heretofore been carried on, for the term of the two leases thereof from Charles E. Cotting et al, one dated November 5, 1908, for a term ending October 31, 1920, and the other dated March 19, 1917, for the term beginning November 1, 1920, and ending October 31, 1935, for the rent in the amount reserved in the said leases, the said sub-leases to contain the same terms and provisions set forth in the copies thereof hereto annexed.

Third: The said Sidney S. Conrad and Bertram B. Conrad, co-partners as aforesaid, further convey, assign, transfer and set over unto the said corporation the good will of the said partnership, the trade mark "Lady Dainty" and other trade marks owned by said partnership, and all intangible property belonging to the said partnership not included in the paragraph designated First: and the right to use the name Conrad & Company as a part of the corporate name, and in payment therefor the said corporation agrees to and with said Sidney S. Conrad and Bertram B. Conrad and each of them to assume and pay all the bills payable and other outstanding liabilities of said partnership, including the liability of the said partnership for taxes due now or hereafter to the United States, Commonwealth of Massachusetts, and the City of Boston, and to save the said Sidney S. Conrad and Bertram B. Conrad and each of them forever harmless therefrom.

In pursuance of the terms of the above contract, the partnership of Conrad & Co. transferred and conveyed to the taxpayer corporation on or about November 1, 1917, (1) its cash, cash items, merchandise, supplies, and other tangible property, which cost and had a current cash value of $562,265.20, in exchange for the taxpayer's entire capital stock of $500,000 par value; and (2) certain trademarks and other intangible property, in consideration of the tax-

payer's agreement to assume the liabilities and pay the debts of said partnership, which amounted to $147,446.87.

In its income and profits-tax return for the four-month period ended February 28, 1918, the taxpayer claimed the amount of $562,265.20 as its invested capital. The Commissioner allowed this amount as the taxpayer's invested capital for the purpose of determining its tax liability under the provisions of the Revenue Act of 1917, but excluded from the claimed invested capital $147,446.87 in determining its tax liability under the provisions of the Revenue Act of 1918.

#### DECISION.

The deficiency determined by the Commissioner is approved.

#### OPINION.

SMITH: The taxpayer was incorporated on or about November 1, 1917, with an authorized capital stock of $500,000, all of which was issued to the members of a predecessor partnership in exchange for assets. The partnership had tangible assets of a current cash value of $562,265.20 and liabilities of $147,446.87, or net book assets of $414,815.33. It also had certain intangible assets the cash value of which has not been alleged or proven. The tangible assets were paid in to the taxpayer corporation in exchange for its $500,000 capital stock; the intangible assets were paid in at the same time and under the same contract of sale, and, in payment therefor, the taxpayer agreed to assume all the outstanding liabilities of the partnership, of an admitted amount of $147,446.87. In its income-tax return for the four-month fiscal period ended February 28, 1918, the taxpayer claimed invested capital of $562,262.20 for the purpose of computing its tax liability under both the Revenue Acts of 1917 and 1918. The Commissioner has excluded from this amount $147,446.87 in determining the excess-profits tax liability under the Revenue Act of 1918, such action being predicated upon the Commissioner's interpretation of section 331 of such Act. The taxpayer alleges error upon this point.

Section 331 of the Revenue Act of 1918 reads as follows:

In the case of the reorganization, consolidation, or change of ownership of a trade or business, or change of ownership of property, after March 3, 1917, if an interest or control in such trade or business or property of 50 per centum or more remains in the same persons, or any of them, then no asset transferred or received from the previous owner shall, for the purpose of determining invested capital, be allowed a greater value than would have been allowed under this title in computing the invested capital of such previous owner if

such asset had not been so transferred or received: *Provided,* That if such previous owner was not a corporation, then the value of any asset so transferred or received shall be taken at its cost of acquisition (at the date when acquired by such previous owner) with proper allowance for depreciation, impairment, betterment or development, but no addition to the original cost shall be made for any charge or expenditure deducted as expense or otherwise on or after March 1, 1913, in computing the net income of such previous owner for purposes of taxation.

The contention of the taxpayer is that the contract of November 1, 1917, under which the assets of the partnership were paid in to the taxpayer corporation, is a severable or divisible contract; that the tangible assets of a current cash value of $562,262.20 were paid in to the corporation in exchange for its $500,000 capital stock; that the intangible assets of the partnership were purchased for cash and that the paid-in capital of the corporation (tangibles in the amount of $562,262.20), was not affected by the transaction resulting in the acquisition of the intangibles; that section 331 of the Revenue Act of 1918 applies to and limits the determination of invested capital where assets are paid in for shares of stock, and that, in the instant case, since the good will was not paid in for shares of stock, section 331 has no application.

We think it is not material to determine whether the contract of November 1, 1917, is an entire contract or a severable contract. The ruling of the Board would have to be the same in either case. The facts are that the partnership had assets of a net value of $414,815.33. It could not value those assets at any greater amount if it were computing its own invested capital. We think that section 331 is a complete bar to any greater value in the computation of the corporate invested capital. In *Appeal of Baker, Hamilton & Pacific Co.,* 2 B. T. A. 1, we stated with respect to the interpretation of this provision of the 1918 law:

It is clear from the sections of the statute quoted above that two purposes are designed to be accomplished, among others, namely, that the taxpayer shall not include in invested capital any borrowed capital, and that, for the purpose of determining invested capital, a taxpayer which is the result of a reorganization after March 3, 1917, shall not by virtue of such reorganization obtain any advantage by comparison with the invested capital which would be allowed to a predecessor had no such reorganization taken place.

The situation is the same when a business carried on by a partnership is incorporated after March 3, 1917, and an interest or control in the property of 50 per cent or more remains in the same individuals. In the instant appeal a 100 per cent interest in the property transferred to the corporation remained in the same individuals.